THE STATE OF OHIO *v.* ISAAC.

(No. 75-CR-133—Decided July 31, 1975.)

Shaker Heights Municipal Court.

Mr. *Paul R. Donaldson,* law director, and *Mr. Louis H. Orkin,* for plaintiff.

Mr. *Owen Heggs,* for defendant.

ROCKER, J. Defendant was observed making an attempt to enter an unattended van truck by forcing the door with some type of metal instrument. The operator of the truck, upon being alerted by the observer, called police and the defendant was apprehended a short distance from the scene of the incident.

Defendant was charged with the offense of criminal mischief, R. C. 2909.07. At the close of prosecution's case, defendant moved for dismissal on the issue of failure of the state to establish that defendant did not have "privilege" to attempt to gain entrance to the vehicle.

The pertinent portion of the criminal code section at issue reads as follows:

"(A) No person shall:

"(1) Without privilege to do so, knowingly * * * tamper with the property of another."

"Privilege" is defined in R. C. 2901.01 (L) as follows:

" 'Privilege' means an immunity, license, or right conferred by law, or bestowed by express or implied grant, or arising out of status, position, office, or relationship, or growing out of necessity."

The essential elements of the criminal mischief section which must be established, at least *prima facie*, by the prosecution before defendant would, be called upon to go forward are (1) lack of privilege, and (2) knowingly tamper with the property of another. There can be no conviction without both allegations being proved beyond a reasonable doubt.

Defendant had entered a plea of not guilty to the charge and thereby places the burden of proof of each material allegation in the affidavit upon the prosecution. The allegation to the effect that defendant was without privilege was a material allegation and the question raised by the motion to dismiss is as to whether a person's capacity to grant or withhold privilege must be proved.

The issue of privilege with respect to a motor vehicle presents a consideration which might not arise with regard to other types of personalty. That consideration is the relevancy of R. C. 4505.04, which reads in part:

"No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:

"(A) By a certificate of title * * *."

In the case at bar, the operator of the vehicle testified that he was not the owner of the van truck, that it was titled to another person, but that he was making the mortgage payments for its purchase from the individual owner. No certificate of title was introduced in evidence nor was the title holder present.

The Supreme Court of Ohio in *Veltri* v. *Cleveland* (1957), 167 Ohio St. 90, held that mere possession of an automobile, since the enactment of R. C. 4504.04, "no longer carries with it *any right or interest* in that automobile which a court can recognize." (Emphasis added.) The

Eighth District Court of Appeals in *Levin* v. *Nielsen,* 37 Ohio App. 2d 29, decided as recently as December 27, 1973, restated this same holding precisely.

We must bear in mind the statement of law found in 29 American Jurisprudence 2d 184, Section 153, to wit:.

''In general, even though a criminal charge is predicated on a negative, or a negative averment is an essential element of a crime, the burden is on the prosecution to prove the charge. At least this is so where evidence to prove such negative is *not* peculiarly within the knowledge of the accused, but is also within the knowledge and control of, or upon reasonable effort * * * may be secured by, the prosecution. * * *'' (Emphasis added.)

The foregoing statement is, in substance, contained within R. C. 2901.05 wherein ''burden of proof'' is defined as to affirmative defenses. That section calls upon a defendant to carry the burden of an affirmative defense when such burden is expressly designated under the statute. No such designation is to be found in the criminal mischief statute. Such designated burden is, however, found in other sections of the Code with reference to unauthorized use of a motor vehicle, R. C. 2913.03, and unauthorized use of property, R. C. 2913.04.

It is the opinion of this court that R. C. 2909.07, criminal mischief, and R. C. 4505.04, certificate of title, must be read *in pari materia* when the offense relates to criminal mischief imposed upon a motor vehicle.

Strict construction of a criminal statute, as required under R. C. 2901.04, would, in this court's opinion, permit no extension of the language used to define ''privilege'' in R. C. 2901.01(L) as meaning that the ''* * * right, title, claim, or interest'' in a motor vehicle can be asserted in any court in Ohio without exhibiting a certificate of title. It is further the finding of this court that it is the holder of such certificate of title who is empowered to grant or withhold ''privilege'' as applied to prosecutions under the criminal mischief statute when the subject matter of the alleged mischief is a motor vehicle.

For the foregoing reasons, defendant is ordered to be discharged.

*Defendant discharged.*