The STATE of Ohio, Appellee,

v.

RUSSELL, Appellant.

[Cite as *State v. Russell* (1990), 67 Ohio App.3d 81.]

Court of Appeals of Ohio,
Highland County.

No. 723.

Decided March 26, 1990.

*Fred Beery,* Prosecuting Attorney, for appellee.

*Howard D. Fields,* for appellant.

GREY, Judge.

This is an appeal from a jury verdict of the Hillsboro Municipal Court convicting Brad Russell of assault, in violation of R.C. 2903.13, and criminal mischief, in violation of R.C. 2909.07. Russell also appeals the trial court's denial of his motion for a new trial. We affirm.

The record reveals the following facts. On September 3, 1988, in Hillsboro, Ohio, Brad Russell approached a vehicle occupied by Jeff Newbry and three women and attempted to provoke a fight. Russell made lewd comments to Newbry's girlfriend and when Newbry refused to fight, Russell reached into

Newbry's automobile and hit Newbry twice. Newbry rolled up his window and Russell kicked it in.

Newbry and his girlfriend drove to the Hillsboro Police Department and filed a complaint, giving a physical description of Russell. Russell was later arrested and charged with aggravated menacing, assault, criminal mischief, and resisting arrest. The latter charge was dismissed prior to trial.

The matter proceeded to a jury trial on February 21, 1989, with both sides presenting witnesses. Russell offered as a defense that he was too intoxicated to have formed the intent necessary to commit the crimes with which he was charged.

The state presented testimony from Newbry and his girlfriend, as well as two other females present at the time of the assault, and the arresting officers. At the end of the state's case, Russell moved for acquittal on the criminal mischief charge because the state failed to prove ownership of the damaged automobile or the absence of privilege to damage that automobile, as required by statute. The trial court denied that motion.

The jury returned verdicts of guilty on the assault and criminal mischief charge and a verdict of not guilty on the aggravated menacing charge.

On March 14, 1989, the trial court sentenced Russell. On March 15, 1989, pursuant to Crim.R. 33(A)(6), Russell filed a motion for a new trial based on the discovery of new evidence.

At a hearing on the motion, Russell presented testimony from Diane and Kevin Salyer who both stated that they had witnessed the incident between Russell and Newbry, that Russell did not strike Newbry and that the car window was kicked in accidentally. The trial court overruled Russell's motion.

Russell appeals his conviction as well as the trial court's decision on his motion for a new trial and assigns two errors.

### First Assignment of Error

"The court erred to the prejudice of the defendant and as a matter of law in overruling the defendant's motion for acquittal in the criminal damaging charge for failure of the state to prove ownership of the automobile allegedly damaged or to otherwise prove the absence of privilege, an essential element of the case."

R.C. 2909.07, the criminal mischief statute, provides in pertinent part:

"(A) No person shall:

"(1) Without privilege to do so, knowingly move, deface, damage, destroy or otherwise improperly tamper with the property of another * * *."

Russell asserted that the state failed to prove that he acted without privilege when he damaged Newbry's car. Russell further asserts that the state failed to present Newbry's certificate of title to prove Newbry's ownership of the damaged car. In support of this assertion Russell cites *State v. Isaac* (1975), 44 Ohio Misc. 87, 73 O.O.2d 331, 337 N.E.2d 818, which held that the criminal mischief statute, R.C. 2909.07, should be read *in pari materia* with the certificate of title statute. The court further held that:

"Strict construction of a criminal statute, as required under R.C. 2901.04 would * * * permit no extension of the language used to define 'privilege' in R.C. 2901.01(L) as meaning that the 'right, title, claim or interest' in a motor vehicle can be asserted in any court in Ohio without exhibiting a certificate of title." *Id.* at 89, 73 O.O.2d at 333, 337 N.E.2d at 820.

We first note while there is no dispute that the state failed to present a certificate of title to prove Newbry's ownership of the damaged car, we do not adopt the *Isaac* holding and do not interpret R.C. 4505.04 as requiring evidence of a certificate of title to prove ownership in a criminal mischief case. Rather, although *State v. Maust* (1982), 4 Ohio App.3d 187, 4 OBR 289, 447 N.E.2d 125, deals with R.C. 2909.06, the criminal damaging statute, we find the reasoning used by the Fifth District Court of Appeals in *Maust* to be most persuasive. In *Maust*, the court stated in discussing the ownership issue:

" 'R.C. 4505.04, which is known as the Ohio Certificate of Title Act, was enacted to provide protection from theft and fraud in the transfer of titles to motor vehicles. * * * The Court in the case of *Joiner v. The Illuminating Co.*, 55 Ohio App.2d 187 [9 O.O.3d 340], 380 N.E.2d 361, points out the [*sic*] R.C. 4505.04 now makes it clear that production of a certificate of title is not the exclusive method to prove ownership of an automobile in Ohio.'

"In this case, the gravamen of the complaint is not directed to one who is the *owner* of a motor vehicle which has been damaged. The statute deals with 'physical harm to any property of another.' R.C. 2909.06. *Although not necessary to the issue raised in this case, it can be argued that a right of possession is a sufficient 'property' interest to protect one against the crime of criminal damaging.*

" * * *

"The victim made this complaint. He attempted to avoid the confrontation in the parking lot. When he observed that the defendants had followed him into the parking lot, he attempted to leave. From all of the circumstantial evidence in this case, we conclude that the acts of the defendants were, within

the meaning of the criminal damaging statute, 'without his [victim's] consent.' " (Emphasis added.) *Id.* at 188–189, 4 OBR at 291, 447 N.E.2d at 128.

The criminal mischief statute and the criminal damaging statute are ones of similar import. One prohibits an individual from harming another's property. The other prohibits an individual from damaging or destroying another's property. Neither requires the proof of ownership asserted by Russell as being an essential element of the case here. We believe that possession of a vehicle is a sufficient property interest to protect one against the crime of criminal mischief.

■ We now turn to the question of whether there was sufficient evidence of Newbry's possession of the damaged vehicle to rise to the level of proof necessary to support the state's assertion of lack of privilege. In examining the record before us, we believe that sufficient evidence was presented. With the exception of the police officers, each witness who testified at trial, including Russell and his cousin, referred to the damaged automobile as "Jeff's car," "Newbry's car," "his car," and "my car." There is no doubt from the record that the damaged automobile was in the possession of Jeff Newbry at the time Russell kicked out the window.

Russell kicked out the window without privilege to do so. As in *Maust,* Newbry immediately reported the damage to the police. Further, there is no claim whatever that Newbry authorized Russell to kick the car window in. Thus, the circumstances surrounding the incident, and the reasonable inferences to be drawn from the evidence clearly established the lack of privilege required to convict an individual under the criminal mischief statute. Russell's first assignment of error is not well taken and is overruled.

### Second Assignment of Error

"The court erred to the prejudice of the defendant and as a matter of law in overruling the defendant's motion for a new trial based upon newly discovered evidence."

■ In order to grant a new trial based on newly discovered evidence pursuant to Crim.R. 33, it must be shown that the new evidence:

"(1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." *State v. Petro* (1947), 148 Ohio St. 505, 36 O.O. 165, 76 N.E.2d 370, syllabus.

In reviewing Russell's motion for a new trial, the trial court relied on the above criteria and found that the second, third, fourth and fifth criteria had been met. The trial court found, however, based on the Salyers's testimony presented at the motion hearing, that there was little probability that the evidence would change the result if a new trial was granted. The court further found that the Salyers's testimony merely impeached or contradicted the evidence presented at trial. The trial court noted the hesitation of the witnesses to state whether Russell was intoxicated at the time of the September 3, 1988 incident and deemed the witnesses to be not credible.

Russell questions the court's determination asserting that by determining the Salyers's credibility the court abused its discretion. We disagree. The court granted a hearing on the motion and heard the witnesses' testimony. This is clearly within the discretion of the court pursuant to Crim.R. 33. The granting of a new trial lies within the sound discretion of the trial court and will not be disturbed unless there has been an abuse of discretion. *State v. Shepard* (1983), 13 Ohio App.3d 117, 13 OBR 135, 468 N.E.2d 380. The term "abuse of discretion" has been defined as a decision which is "arbitrary, unreasonable or unconscionable." *Sandusky Properties v. Aveni* (1984), 15 Ohio St.3d 273, 15 OBR 408, 473 N.E.2d 798. Here, the trial court reviewed the evidence before it and denied Russell's motion. There was no abuse of discretion. Russell's second assignment of error is not well taken and is overruled.

*Judgment affirmed.*

HOMER E. ABELE, P.J., and STEPHENSON, J., concur.