Appellant, Carma R. Pausch, appeals her conviction for violating R.C. 4301.62 (open container of an alcoholic beverage), a minor misdemeanor, and assigns the following error:
 "The trial court erred, as a matter of law, in failing to dismiss this case, based upon a lack of venue and/or jurisdiction, in violation of the Ohio Constitution."
Appellant was charged with having an open container of beer in the parking lot of the Polaris Amphitheater, which is located in the city of Columbus, county of Delaware.[1] After a bench trial, the Franklin County Municipal Court found her guilty.
In her only assignment of error, appellant argues that the court erred in denying her motion for a new trial and/or her motion to arrest judgment because the Franklin County Municipal Court did not have jurisdiction to adjudicate the charge against her. Alternatively, she contends venue in Franklin County was improper.
Crim.R. 34, Arrest of Judgment, provides that the trial court shall vacate its prior judgment and discharge the defendant if the court did not have jurisdiction over the charged offense. This issue presents us with a question of law which we reviewde novo. Crim.R. 33(A) provides for a new trial when the movant did not receive a fair trial because of a procedural irregularity, or the verdict was contrary to law, or an error of law occurred. See Crim.R. 33(A)(1), (4) and (5). Appellate courts generally review new trial motions relating to a procedural irregularity under an abuse of discretion standard. See State v. Schiebel (1990), 55 Ohio St.3d 71; State v.Russell (1990), 67 Ohio App.3d 81. Purported legal errors are generally reviewed de novo.
 (I) Jurisdiction
The territorial jurisdiction of municipal courts is governed by R.C. 1901.20, which states that "[t]he municipal court has jurisdiction * * * of the violation of any misdemeanor committed within the limits of its territory." Territory is defined as "the geographical areas within which municipal courts have jurisdiction as provided in sections 1901.01 and1901.02 of the Revised Code." See R.C. 1901.03(A).
R.C. 1901.02 provides in part:
 "(A) The municipal courts established by section 1901.01 of the Revised Code have jurisdiction within the corporate limits of their respective municipal corporations and are courts of record. Each of the courts shall be styled '__________ municipal court,' inserting the name of the municipal corporation, except the following courts, which shall be styled as set forth below:
"* * *
 "(5) The municipal court established in Columbus that shall be styled and known as the 'Franklin county municipal court';
"* * *
 "(B) In addition to the jurisdiction set forth in division (A) of this section the municipal courts established by section 1901.01 of the Revised Code have jurisdiction as follows:
"* * *
 "The Delaware municipal court has jurisdiction within Delaware county.
"* * *
 "The Franklin county municipal court has jurisdiction within Franklin county." (Emphasis added.)
Thus, the Franklin County Municipal Court has territorial jurisdiction within the corporate limits of the city of Columbus and within Franklin County. See Columbus v. Roberts
(Apr. 27, 1989), Franklin App. No. 88AP-1023, unreported (1989 Opinions 1453). Appellant does not dispute that the offense occurred within the corporate limits of Columbus. Thus, regardless of the fact that the offense occurred in Delaware County and that the Delaware Municipal Court had concurrent jurisdiction, the Franklin County Municipal Court also has jurisdiction.
Appellant attempts to distinguish Roberts on the basis that the defendant in Roberts was charged with a violation of a municipal ordinance, while she is charged with a violation of the Ohio Revised Code. This difference concerns subject-matter jurisdiction, not territorial jurisdiction. R.C. 1901.20 gives municipal courts subject-matter jurisdiction for violations of municipal ordinances and for violations of "misdemeanors,"i.e., violations of the Ohio Revised Code, committed within their territory. As we have already noted, Delaware County Municipal Court also has jurisdiction over that portion of the city of Columbus in Delaware County, see State v. Paskalik
(Apr. 20, 1987), Delaware App. No. 86CA27, unreported. However, this fact did not divest the Franklin County Municipal Court of the jurisdiction granted to it by R.C. 1901.02. The trial court properly denied appellant's motion to arrest judgment for lack of jurisdiction.
 (II) Venue
Crim.R. 18(A) provides that the venue of a criminal case shall be as provided by law. Section 10, Article I of the Ohio Constitution fixes venue, or the proper place to try a criminal matter, in the county in which the offense is alleged to have been committed. See, also, R.C. 2901.12(A). Venue commonly refers to the appropriate place of a criminal prosecution within the state and must be raised before trial or it will be considered waived. State v. Williams (1988), 53 Ohio App.3d 1,5. While dismissal is the appropriate remedy where the state fails to prove venue at trial, see State v. Headley (1983),6 Ohio St.3d 475, that is not the issue here. The proper remedy for improper venue is to transfer the case to the appropriate place, not outright dismissal as is the case in a failure of proof. See R.C. 2901.12(K) and 2931.19. See, also, Crim.R. 18(B). Therefore, the trial court did not err in denying either the motion to dismiss or the motion for a new trial.
Furthermore, Crim.R. 12(B)(1) requires motions dealing with defects in the institution of the prosecution to be raisedbefore trial. Crim.R. 12(C) provides that pretrial motions such as appellant's shall be made within thirty-five days after arraignment or seven days prior to trial, whichever is earlier. The trial court may extend this time in the interest of justice. Crim.R. 18(B) contains similar provisions. However, it is neither an abuse of discretion, nor error as a matter of law, to deny a motion which raises improper venue when the motion is not made until the morning of trial. Moreover, a trial court does not abuse its discretion in denying a motion for new trial under these circumstances.
Appellant's first mention of the issue of venue was on the morning of trial when appellant's counsel stated: "I raise at this point in time, that this court does not have the proper venue; that this matter should have probably been filed in the Delaware County Municipal Court instead of this court." Thus, her "motion" regarding venue was clearly untimely.
Having determined that the trial court had proper jurisdiction to hear the charge against appellant and that appellant failed to preserve any error concerning venue, we overrule appellant's only assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
ABELE and KLINE, JJ., concur.
HARSHA, J., ABELE, J., and KLINE, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.
[1] We note that the complaint alleged that appellant "at Franklin County/Columbus, Ohio, on or about the 13 day of June, 1998 did: unlawfully possess beer * * * while seated in a motor vehicle." Appellant did not allege any defect in the complaint in the trial court nor in her appellate brief. Any error in this regard is waived.