OPINION
{¶ 1} Defendant-Appellant Ronald Frech appeals his conviction of criminal damaging following a bench trial. On appeal he claims only that his conviction was against the manifest weight of the evidence. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} The essential facts of this case are not in dispute. On April 26, 2001 while Frech was working in his own yard, he took it upon himself to prune the rose bushes planted along the fence on the property next door. James Corbett, who leased that property for his livestock, had planted the wild roses earlier in the month after first cleaning out the weeds and scrub. Within a day or two, Corbett discovered that the rose bushes had been severely pruned to about half of their original height. Charles Fugate advised Corbett that he had seen Frech working around the bushes with shears in his hand on the 26th. Corbett explained that while "tame" roses should be pruned each spring to encourage new growth, wild roses should not be. Furthermore, Corbett never gave Frech permission to cut his rose bushes. Nevertheless, Corbett did not report the damage to the bushes to the police until April 30, 2001, the day after Frech was involved in an altercation with another of Corbett's neighbors.
 {¶ 3} Frech raises the following as his sole assignment of error:
 {¶ 4} "THE TRIAL COURT ERRED WHEN IT FOUND THE DEFENDANT/APPELLANT GUILTY AS THE EVIDENCE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} In support of his assignment of error, Frech claims that the State's proof failed in three ways. He argues that there was no proof: that he "knowingly" caused harm to the rose bushes; that he damaged the bushes at all; or that he did not have the consent of the property owner to prune Corbett's roses. As a result, Frech concludes that his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 6} The standard when reviewing a judgment under a manifest weight standard of review is:
 {¶ 7} "[t]he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which evidence weighs heavily against the conviction." State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 8} Frech was convicted of criminal damaging as proscribed by R.C. § 2909.06(A)(1) which states that no person shall knowingly "cause or create a substantial risk of physical harm to any property of another without the other person's consent." For the reasons explained herein, we find that this is not one of those extraordinary cases in which the evidence weighed heavily against conviction.
 {¶ 9} First, Frech argues that the State failed to prove that he "knowingly" caused harm to the roses. "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. § 2901.22(B). Frech claims that he often did the yard work. While there was some testimony about Frech doing yard work at the property on which he lived, there is absolutely no testimony that he also did yard work at the property that Corbett leased. Also without support, Frech implies that he could not act knowingly because he did not know that wild roses should not be pruned. However, we cannot say that the trial court lost its way in finding that one who decides to prune his neighbor's roses without knowledge of the care required by those roses "is aware that his actions will probably cause a certain result or will probably be of a certain nature."
 {¶ 10} In part, Frech challenges the credibility of the State's witnesses in light of the fact that Corbett did not report the cutting of the rose bushes to the police until after Frech's altercation with another neighbor. However, as this Court has previously discussed, credibility of witnesses is primarily to be determined by the factfinder who actually saw and heard the testimony first hand. State v. Lawson
(Aug. 22, 1997), Montgomery App. No. 16288. See, also, State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus. While the timing of the report was an appropriate factor for the trial court to consider in evaluating the credibility of the witnesses, there is nothing in the record to lead us to believe that the trial court was patently wrong in choosing to believe the State's witnesses.
 {¶ 11} Second, Frech argues that because the rose bushes did not die and some of them even bloomed that summer, the State failed to prove that damage was done to the bushes. "Although loss of value from observable damage may be inferred, the statute also is violated when the damage interferes with its use or enjoyment." State v. Maust (1982),4 Ohio App.3d 187. Thus, the trial court correctly found that physical harm was done to the bushes because they were only half of the height and fullness that they should have been.
 {¶ 12} Finally, Frech insists that because the State did not call the owner of the land to testify, the State failed to prove that Frech did not have consent to prune the roses. In support he relies on Statev. Gray (June 8, 2001), Belmont App. No. 99 BA 35. However, that reliance is misplaced because Gray is easily distinguishable from the instant case. In Gray the defendant was accused of causing damage to the interior of an apartment. While the evidence established that the owner had not given consent, there was evidence that the renter, who was in control of the property, had consented to at least some of the damage.
 {¶ 13} To the contrary, the instant case involves damage to the personal property of the renter. A landlord cannot give valid consent to a third party to damage the personal property of his renters. For example, a landlord cannot validly consent to a third party entering an apartment and damaging the clothing or furniture of his renter. Similarly, the landlord here could not give valid consent to Frech to prune Corbett's roses. Therefore, there was no need to call the property owner in this case.
 {¶ 14} Furthermore, this Court has previously recognized that the right of possession alone is a sufficient property interest to protect an individual against the crime of criminal damaging. See, e.g., Dayton v.Wells (May 29, 1992), Montgomery App. No. 112941, citing Maust, supra. Thus, Corbett's unrefuted testimony that he planted the roses and that he did not give Frech permission to prune them was sufficient to prove the element of consent.
 {¶ 15} We cannot say that it is patently apparent that the factfinder clearly lost his way and, therefore, we will not disturb the verdict based on the manifest weight of the evidence. Frech's sole assignment of error is without merit and is overruled.
 {¶ 16} Accordingly, the judgment of the trial court is affirmed.
WOLFF, P.J. and GRADY, J., concur.