JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Helanning Cao ("defendant"), appeals from his conviction in the Cleveland Municipal Court for criminal damaging. For the reasons that follow, we affirm.
 {¶ 2} Defendant was charged with criminal damaging/endangering, in violation of Cleveland Municipal Ordinance 623.02, alleging he damaged the property of another without consent on or about September 20, 2007.
 {¶ 3} At trial, the City presented the testimony of three witnesses. Defendant's neighbor of two years, Mr. Peng, testified first with the aid of an interpreter. Peng stated that he has lived at East 45th Street for two years. On September 20, 2007, a noise awoke him at 3:10 in the morning, and from his window he observed defendant, wearing a light colored jacket, hitting two cars with a hammer.[1] Peng knocked on the window to get defendant's attention. Then, he saw defendant quickly return to his house. Peng awoke his wife and then went outside. Peng saw that all the windows were broken on the Honda, and the passenger side window and windshield were broken on the Chevrolet. Peng took photographs of the damage at approximately 7:00 a.m. that day. Peng said it was "Xia Lin's car."
 {¶ 4} Peng's wife awoke her brother, who then called the police. The police arrived within twenty minutes and knocked on defendant's door.
 {¶ 5} Peng made a statement to the police, including that "he observed his neighbor breaking out the window of both his sister's car [sic] with a short handle *Page 4 
hammer." The total repair costs for the Honda Accord were estimated to be $1,354.54. The estimate for repairs to the Chevrolet amounted to $440.75.
 {¶ 6} When Peng was taking the photographs of the cars, defendant confronted him. Peng asked why defendant had hit the cars. Defendant complained that Peng had not cleaned up a tree branch that fell in defendant's yard. The police were called again, but defendant went back inside.
 {¶ 7} Peng confirmed that he is related to the owner of the damaged vehicles.
 {¶ 8} Mr. Lin testified next and also required the assistance of an interpreter. Mr. Lin is Peng's brother-in-law and also resided on East 45th Street on September 20, 2007. His sister woke him and he called 9-1-1. He saw the windshield and the passenger side window broken on the Chevrolet and also saw the damage to the Honda.
 {¶ 9} Xia Lin also testified through an interpreter. On September 20, 2007, she had vehicles, which were titled in her name, located at 1571 East 45th Street. She saw photographs of the damage that occurred to her vehicles and proceeded to file a complaint. Her brother obtained estimates for the damage done to her vehicles. She verified the estimates that related to repairs for her vehicles. Ms. Lin verified that the subject vehicles were titled in her name. Specifically Ms. Lin was asked: "But those are your vehicle [sic] titled in your name, correct?" To which she responded, "Yeah." Tr. 35.
 {¶ 10} Defendant's motion for acquittal was denied. *Page 5 
 {¶ 11} Defendant then testified for the defense and also required an interpreter. He has lived on East 45th Street since 1999. He saw Peng in front of his house around 7:30 a.m. on September 20, 2007. Defendant denied breaking the windows on his neighbor's car. Peng accused him of "breaking the car," but he denied it and went back home and got his jacket. Peng told him the police were coming and took defendant's photo. Defendant went back to his house and called his son. Defendant did not talk to the police. Defendant confirmed that he does own a hammer and a light blue jacket.
 {¶ 12} The defense also presented the testimony of Henry Gamer. Gamer resides on East 48th Street, directly across from defendant's house. He has seen the Pengs, who live across the street from Gamer. Gamer was home on September 20, 2007. He gets up every morning around 2:30 or 3:00 a.m. He routinely goes outside to have a cigarette on his front porch, which he did around 2:30 a.m. on September 20, 2007. He observed nothing unusual. He went back inside to watch television where he can hear loud noises from outside. He testified that he "most definitely" would have heard it if someone was breaking out a car window at 3:00 a.m. He did not hear anything.
 {¶ 13} Gamer stated it would not be usual for the police to be in front of his house at 3:00 a.m. on September 20, 2007. On redirect, Gamer indicated he would not be aware of a police presence at that time unless the sirens were activated. Gamer did see the Honda and the Chevrolet on the street on September 19, 2007 *Page 6 
and did not notice any broken windows. He did not see the cars on the 20th of September 2007.
 {¶ 14} The City called Peng as a rebuttal witness. Peng said that he did not observe anyone else outside on September 20, 2007. Gamer has to cross the street and pass two houses to get from his house to Peng's house. The police did come to Peng's house on the morning of September 20, 2007 with a siren and lights activated. The cars were not damaged prior to September 20, 2007.
 {¶ 15} The trial court specifically found undisputed the following facts: that the vehicles were damaged on September 20, 2007 and that defendant owns a hammer and a light colored jacket. The trial court also found Peng to be a credible witness who testified that he saw defendant damaging the cars. The trial court noted sufficient evidence: Peng heard a noise and saw defendant outside breaking windows on the cars. The trial court found defendant guilty as charged. The defense stipulated to the damage estimates of $2,519.63.
 {¶ 16} The trial court sentenced defendant to 90 days in jail and imposed a $750 fine. The jail time and fine were suspended, and defendant was placed on one year probation and ordered to pay restitution.
 {¶ 17} Defendant appeals assigning two errors for our review.
 {¶ 18} "I. The trial court committed prejudicial error when it denied appellant's motion for judgment of acquittal." *Page 7 
 {¶ 19} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259.
 {¶ 20} Cleveland Municipal Ordinance 623.02 provides:
 {¶ 21} "(a) No person shall cause, or create a substantial risk of physical harm to any property of another without his consent:
 {¶ 22} "(1) Knowingly, by any means;
 {¶ 23} "(2) Recklessly, by means of fire, explosion, flood, poison gas, poison, radioactive material, caustic or corrosive material, or other inherently dangerous agency or substance.
 {¶ 24} "(b) Whoever violates this section is guilty of criminal damaging or endangering, a misdemeanor if the property involved is not an aircraft, an aircraft engine, propeller, appliance, spare part or any other equipment or implement used or intended to be used in the operation of an aircraft and if the violation does not create a risk of physical harm to any person, and if the property involved is not an occupied aircraft. A violation of this section is a misdemeanor of the second degree. *Page 8 
If violation of this section creates a risk of physical harm to any person, criminal damaging or endangering is a misdemeanor of the first degree."
 {¶ 25} Defendant contends that the evidence is insufficient because the City did not prove, through car titles, who owned the damaged vehicles. However, proof of the offense requires only that defendant damaged property of another, i.e. someone else's property. The City offered sufficient evidence that the damaged property belonged to someone other than the defendant. Peng testified that the cars belonged to his sister Xia Lin. She filed a complaint concerning the damage to her property. Xia Lin testified that she owned the damaged vehicles and that they were titled in her name. The record also establishes that Peng obtained estimates for the repair of the vehicles. There is no evidence and no contention that the vehicles belonged to the defendant. Defendant never claimed he owned the damaged property and only denied damaging it.
 {¶ 26} Relying on a 1975 municipal court case, defendant urges us to find that the City must produce the certificate of title to prove who owned the damaged vehicles in order to sustain a conviction for criminal damaging. State v. Isaac (1975), 44 Ohio Misc. 87 (finding R.C. 2909.07, criminal mischief involving a motor vehicle, should be read in pari materia[2] with R.C. 4505.04, certificate of title). However, other appellate courts have held that criminal damaging does not require *Page 9 
proof of ownership, which is not an essential element of the crime. SeeState v. Russell (1990), 67 Ohio App.3d 81, 85; see, also, State v.Maust (1982), 4 Ohio App.3d 187.
 {¶ 27} We see no need to refer to R.C. 4505.04 because we find no inconsistencies in the ordinance at issue with regard to the elements of proof. Nonetheless, R.C. 4505.04 provides:
 {¶ 28} "(B) ***No court in any case at law or in equity shall recognize the right, title, claim or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:
 {¶ 29} "(1) By a certificate of title ***."
 {¶ 30} Where one is seeking an interest or recovery relating to a motor vehicle, it follows he or she must prove ownership of it. This case is unlike the civil cases relied upon by defendant that involve civil monetary liability for property damage where ownership of the damaged property is a critical issue. See Veltri v. City ofCleveland (1957), 167 Ohio St. 90; Mielke v. Leeberson (1948),150 Ohio St. 528.
 {¶ 31} In this case, the owner of the damaged property did not commence the action and was not seeking to have the trial court recognize any right, title, claim, or interest by her. The defendant was charged by the authorities with criminally damaging property that belonged to another. Consequently, defendant is challenging his criminal conviction and not a judgment holding him civilly liable for damaging the property. *Page 10 
 {¶ 32} Although defendant did deny it, there was evidence that would, if believed, establish that defendant damaged property of another without consent. Construing the evidence in a light most favorable to the City, as required, the trial court properly denied defendant's motion for acquittal.
 {¶ 33} Assignment of Error I is overruled.
 {¶ 34} "II. The trial court committed prejudicial error when it rendered a guilty verdict that is not supported by the manifest weight of the evidence."
 {¶ 35} To warrant reversal from a verdict under a manifest weight of the evidence claim, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered.State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 36} The defendant challenges his conviction as being against the manifest weight of the evidence due to the fact that the prosecution witnesses did not speak English. However, we note that defendant also testified through an interpreter. There is also nothing in the record to support defendant's contentions that the interpreter was having "repeated problems" or that the trial court was receiving "second-hand evidence."
 {¶ 37} There were some conflicts in the testimony, mainly consisting of Peng's claim that he saw defendant damage the cars and defendant's testimony denying it. *Page 11 
However, the court's resolution of the conflicts was reasoned and supported by evidence in the record. Specifically, the trial court found Peng was a credible witness who said he saw defendant wearing a light jacket, hitting the cars with a hammer. Defendant admitted to owning a hammer and a light colored jacket, there was testimony of a dispute among the neighbors, and the damage occurred to the vehicles sometime after September 19, 2007 and before 3 a.m. on the 20th of September 2007. The evidence also included that Xia Lin owned the damaged cars. Defendant's conviction was not against the manifest weight of the evidence, and this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and CHRISTINE T. McMONAGLE, J., CONCUR.
[1] Although Peng did not know defendant's name, he recognized him as his neighbor and identified him in court as the person who damaged the cars.
[2] Meaning "on the same subject; relating to the same manner *** inconsistencies in one statute may be resolved by looking at another statute on the same subject." Black's Law Dictionary, 7th
Ed., page 794. *Page 1