[Cite as *State v. Garner*, 2017-Ohio-7931.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   2017-CA-2 |
| | : | |
| v. | : | T.C. NO. 16-CRB-001-0949 |
| | : | |
| TYLER E. GARNER | : | (Criminal Appeal from |
| | : |  Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____29th____ day of _____September_____, 2017.

. . . . . . . . . .

JESSE J. GREEN, Atty. Reg. No. 0040265, Darke County Prosecutor's Office, 504 S. Broadway Street, Greenville, Ohio 45331
        Attorney for Plaintiff-Appellee

BRENT E. RAMBO, Atty. Reg. No. 0076969, 15 W. Fourth Street, Suite 250, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

        {¶ 1} Defendant-appellant Tyler E. Garner appeals his conviction and sentence for one count of criminal mischief, in violation of R.C. 2909.07(A)(1), a misdemeanor of the third degree.   Garner filed a timely notice of appeal with this Court on February 16, 2017.

        {¶ 2} The incident which forms the basis for the instant appeal occurred on the

night of November 20, 2016, when Darke County Sheriff's Department Deputy Stephen Cox was dispatched at approximately 8:37 p.m. to 3791 West Drive in Wayne Lakes, Ohio. Upon arriving at the scene, Deputy Cox made contact with Emily Newman who stated that she and her boyfriend, Garner, had gotten into an argument when she arrived to pick him up from his grandparents' house. Newman testified that after Garner got into the vehicle and they drove away, he began acting erratically. Newman testified that Garner began punching the interior of the vehicle, breaking the radio and the ashtrays and cracking the dashboard. Garner then exited the vehicle, a Ford Escort, and laid down in the middle of the road in front of the car.

{¶ 3} Eventually, Garner got back in the vehicle, and Newman drove him back to his grandparents' house. At that point Garner got out of the car and went inside the residence. Newman briefly spoke with Garner's father who asked her to "just go home for the night." Thereafter, when Newman started to leave in her vehicle, Garner came back outside and stabbed two of her tires with a screwdriver, flattening them. Prior to Deputy Cox's arrival, Garner fled the scene. Later he was located at the Darke County Jail incarcerated on a separate offense.

{¶ 4} Deputy Cox testified that he served Garner the complaint for criminal mischief at the jail. Deputy Cox further testified that Garner acknowledged the incident occurred and that he had already spoken with Newman regarding assuming responsibility for the damage to her vehicle.

{¶ 5} On December 28, 2016, Garner's trial was held before the Darke County Municipal Court. The State presented the testimony of Newman and Deputy Cox. At the close of the State's case, Garner made an oral motion for acquittal pursuant to Crim.R.

29, arguing that the State failed to adduce any evidence that Garner acted without privilege to do so when he damaged Newman's vehicle. The trial court overruled Garner's Crim.R. 29 motion, and the defense rested without presenting any witnesses.

{¶ 6} Subsequently, the trial court found Garner guilty of criminal mischief and sentenced him to fifty-nine days in jail and ordered him to pay restitution to Newman in the amount of $61.00, to be paid within thirty days of his release from jail. We note that Garner filed a motion to stay the imposition of sentence pending the outcome of the appeal, but the trial court denied said motion and ordered that he begin serving his sentence on February 3, 2017.

{¶ 7} It is from this judgment that Garner now appeals.

{¶ 8} Garner's sole assignment of error on appeal is as follows:

{¶ 9} "THE TRIAL COURT ERRED WHEN OVERRULING THE APPELLANT'S RULE 29 MOTION FOR ACQUITTAL."

{¶ 10} In his sole assignment, Garner argues that the trial court erred when it overruled his Crim.R. 29 motion for acquittal made after the Stated rested. Specifically, Garner contends that the State failed to adduce any evidence that Garner acted without privilege to do so when he damaged Newman's vehicle.

{¶ 11} "Reviewing the denial of a Crim. R. 29 motion * * * requires an appellate court to use the same standard as is used to review a sufficiency of the evidence claim." *State v. Witcher,* 6th Dist. Lucas No. L–06–1039, 2007–Ohio–3960. "In reviewing a claim of insufficient evidence, '[t]he relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' "

(Citations omitted). *State v. Crowley,* 2d Dist. Clark No.2007 CA 99, 2008–Ohio–4636, ¶ 12.

{¶ 12} The presence or absence of privilege is an element of the offense of criminal mischief. R.C. 2909.07(A)(1)(a), a misdemeanor of the third degree, states in pertinent part:

(A) No person shall:

(1) *Without privilege to do so*, knowingly move, deface, damage, destroy, or

otherwise improperly tamper with either of the following:

(a) The property of another[.]

{¶ 13} On cross-examination, Newman gave the following testimony regarding ownership of the vehicle:

Defense Counsel: [Newman], you said the vehicle was a Ford Escort?

Newman: Yes.

Q: Is it a 1993 Ford Escort?

A: Yes.

Q: License plate FIN8067?

A: I think so.

Q: That sounds about right?

A: Yeah.

Q: And the title of the vehicle is owned by Terry Newman, correct?

A: Yes. That is my father.

Q: You don't have the title of that vehicle?

A: No.

{¶ 14} On redirect, the State elicited the following testimony from Newman:

The State: Does your father let you drive the vehicle?

Newman: Yes, daily.

{¶ 15} Garner contends that the evidence is insufficient because the State did not prove, through car titles, who owned the damaged vehicle. However, proof of the offense requires only that defendant damaged property of another, i.e. someone else's property. In our view, the State adduced sufficient evidence that the damaged vehicle belonged to someone other than the Garner. Specifically, Newman testified that her father owned the vehicle but had given her permission to use it. There is no evidence and no contention that the vehicle belonged to Garner nor that Terry Newman gave Garner permission to damage it. Garner never claimed he owned the damaged vehicle, did not deny damaging it, and had already given some money to Emily Newman prior to trial in order to partially repair the damage he caused.

{¶ 16} Relying on a 1975 municipal court case, Garner argues that the State must produce the certificate of title to prove who owned the damaged vehicles in order to sustain a conviction for criminal mischief. *State v. Isaac* (1975), 44 Ohio Misc. 87, 337 N.E.2d 818 (finding R.C. 2909.07, criminal mischief involving a motor vehicle, should be read in pari materia with R.C. 4505.04, certificate of title). However, other appellate courts have held that criminal mischief does not require proof of ownership, which is not an essential element of the crime. *See State v. Russell,* 67 Ohio App.3d 81, 85, 585 N.E.2d 995 (4th Dist. 1990) (concluding that "possession of a vehicle is a sufficient property interest to protect one against the crime of criminal mischief"); *see also State v. Maust*, 4 Ohio App.3d 187, 447 N.E.2d 125 (5th Dist. 1982). (In a criminal damaging

case, it is not necessary for the state to prove ownership of the damaged motor vehicle pursuant to the literal requirements of R.C. 4505.04, the Ohio Certificate of Motor Vehicle Title Law.)

{¶ 17} We have recently held that it is well established that a right of possession is a sufficient property interest to protect an individual against criminal damaging. *West Carrollton v. Camel*, 2d Dist. Montgomery No. 26554, 2015-Ohio-2552; *see also Dayton v. Wells,* 2d Dist. Montgomery No. 12862, 1992 WL 112941 (May 29, 1992). In *Camel*, we stated the following:

> *** [T]he undisputed testimony of Murphy established that she was in possession of the vehicle at the time of the incident. While Murphy's mother may have been the actual owner, the vehicle had been left for the personal use of Murphy. Thus, Murphy's mother's testimony was not necessary to establish the element of lack of consent. Contrary to Camel's argument, as the individual in possession of the vehicle at the time of the incident, Murphy's testimony that Camel did not have consent to damage the vehicle was sufficient to support her conviction for criminal damaging.

{¶ 18} In *Camel*, the defendant was convicted of criminal damaging, in violation of R.C. 2909.06, which provides in pertinent part:

> (A) No person shall cause, or create a substantial risk of physical harm to any property of another *without the other person's consent*[.]

(Emphasis added).

Criminal damaging is a misdemeanor of the second degree, while criminal mischief is a misdemeanor of the third. Both offenses, however, criminalize causing damage to

another's property and also contain a lack of privilege or consent element which renders each statute comparable.

**{¶ 19}** In the instant case, Newman testified that she was in possession of the vehicle at the time of the incident. Additionally, while Newman's father may have been the actual owner of the vehicle, Newman testified that she had his permission to use the vehicle on a "daily" basis. Therefore, as in *Camel*, Newman's father's testimony was not necessary to establish lack of privilege or consent to damage the vehicle. Contrary to Garner's argument, as the individual in possession of the vehicle at the time of the incident, Newman's testimony was sufficient to support Garner's conviction for criminal mischief. Moreover, Garner admitted to Deputy Cox that he not only caused the damage to the vehicle, but also that he had, at the time of trial, already begun giving Emily Newman money to be paid towards the vehicle's repair.

**{¶ 20}** Construing the evidence presented in a light most favorable to the State, as we must, we conclude that a rational trier of fact could find all of the essential elements of the crime of criminal mischief to have been proven beyond a reasonable doubt. Garner's criminal mischief conviction is therefore supported by legally sufficient evidence.

**{¶ 21}** Garner's sole assignment of error is overruled.

**{¶ 22}** Garner's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies mailed to:

Jesse J. Green
Brent E. Rambo

Hon. Julie L. Monnin