**[Cite as *State v. Bittner*, 2021-Ohio-4103.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29158 |
| | : | |
| v. | : | Trial Court Case No. CRB 2100010 |
| | : | |
| SHANE K. BITTNER | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of November, 2021.

. . . . . . . . . . .

ERIK R. BLAINE, Atty. Reg. No. 0080726, City of Vandalia Prosecutor's Office, 245 James E. Bohanan Memorial Drive, Vandalia, Ohio 45377
    Attorney for Plaintiff-Appellee

THOMAS M. KOLLIN, Atty. Reg. No. 0066964, 3725 Pentagon Boulevard, Suite 270, Beavercreek, Ohio 45431
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant, Shane K. Bittner, appeals from his conviction in the Vandalia Municipal Court after the trial court held a bench trial and found him guilty of one count of criminal damaging. Bittner claims his conviction was against the manifest weight of the evidence. For the reasons outlined below, Bittner's conviction will be affirmed.

## I.      Factual Background and Procedural History

{¶ 2} On January 2, 2021, Brian Humphrey was in his home on Cadie Avenue in Harrison Township when his dogs began to make noise and run toward the door. Humphrey opened his front door and observed Bittner, who was known to him, driving his truck through Humphrey's front yard. Humphrey reported the incident to the police. On January 4, 2021, Bittner was charged by complaint with one count of criminal damaging in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree.

{¶ 3} A trial was conducted on May 18, 2021. Humphrey testified that he had dated Bittner's sister, that he personally knew Bittner, and that he had observed Bittner in his truck "doing a burnout through my front yard into the street." Tr. p. 6. Humphrey testified that his lawn was damaged and he had to purchase grass seed and top soil in order to repair the damage. Humphrey also testified that Bittner's actions caused mud to spray across the façade of his house. Humphrey identified pictures of the damage caused to his lawn and the mud sprayed on the home (State's Exhibit 1). The pictures were taken by police officers who responded to Bittner's home following the incident.

{¶ 4} Bittner presented the testimony of Avery Moeller, a criminal defense

investigator who worked for the Montgomery County Public Defender's Office. Moeller testified that he took pictures of Humphrey's yard and Bittner's truck on March 10, 2021; he also took measurements of Bittner's tires and the tire marks in Humphrey's yard. Moeller testified that the tires on Bittner's truck were approximately seven and one-half inches wide, but the marks in Humphrey's yard were approximately seven inches wide. Moeller also testified that the width from the outside of one of Bittner's tires to the outside of the opposing tire was 65 inches, while the same measurement of the tire marks in the yard was 65 to 66 inches. Finally, Moeller testified that he took pictures which showed that the rear cab windows and rear window of Humphrey's truck were tinted.

{¶ 5} The court found Bittner guilty as charged. The court sentenced Bittner to a 90-day jail term with 90 days suspended. As part of his probation, Bittner was required to reimburse Humphrey the sum of $92 for the cost to repair the damage to his lawn. The court also imposed fines and costs of $306.

{¶ 6} Bittner appeals.

## II. Analysis

{¶ 7} Bittner's sole assignment of error states:

THE TRIAL COURT ERRED AS APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 8} Bittner challenges his conviction for criminal damaging, asserting that the

conviction was against the manifest weight of the evidence.

{¶ 9} When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N .E.2d 541 (1997). A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 10} In conducting our review, we are guided by the presumption that the trial judge, as the trier of fact, "is better situated than an appellate court to view witnesses and to observe their demeanor, gestures, voice inflections and to use those observations in weighing credibility." *State v. Hartman,* 2016-Ohio-2883, 64 N.E.3d 519, ¶ 42 (2d Dist.), quoting *State v. Jackson*, 2015-Ohio-5490, 63 N.E.3d 410, ¶ 50 (2d Dist.). "A trier of fact is free to believe all, part or none of the testimony of each witness." (Citations omitted.) *Id.* Accordingly, we afford great deference to the trier of fact's determination of witness credibility. *State v. Redman*, 10th Dist. Franklin No. 10AP-654, 2011-Ohio-1894, ¶ 26.

{¶ 11} Bittner was charged with criminal damaging in violation of R.C. 2909.06(A)(1). That statute prohibits a person from knowingly causing, by any means, physical harm to another's property without that other person's consent. "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C.

2901.22(B). "Physical harm to property" is defined as "any tangible or intangible damage to property that, in any degree, results in loss to its value or interferes with its use or enjoyment." R.C. 2901.01(A)(4). A loss in value may be inferred from observable damage. *State v. Frech*, 2d Dist. Champaign No. 2001-CA-23, 2002-Ohio-5592, ¶ 11, quoting *State v. Maust*, 4 Ohio App.3d 187, 189, 447 N.E.2d 125 (5th Dist.1982). Also, the criminal damaging statute is violated "when the damage interferes with [the property's] use or enjoyment." *Id.*

{¶ 12} Bittner contends the weight of the evidence presented at trial did not establish that he was the perpetrator of the offense. In support, he argues that the evidence demonstrated Humphrey could not have seen him in the truck because it was dark outside at the time of the offense and because Bittner's truck windows were tinted. Bittner also claims the trial court expressly stated Humphrey's testimony lacked credibility.

{¶ 13} According to Humphrey's testimony, he was familiar with Bittner prior to the incident. Humphrey also testified that he was able to observe Bittner from the passenger side rear cab window of the truck, despite the window tinting, because Christmas lights in Humphrey's yard illuminated Bittner from the driver's side of the truck. This testimony, if believed, was sufficient to establish identity. Further, the record does not support the claim that the trial court found Humphrey's testimony lacking in credibility. Indeed, the trial court, on two occasions, explicitly stated that it found Humphrey credible. Bittner's claim to the contrary is at best incorrect, and at worst misleading. Based upon this record, we conclude there was competent, credible evidence upon which the trial court could have reasonably concluded that Bittner was the driver of the truck.

{¶ 14} We next turn to the claim that Humphrey's yard did not sustain substantial

damage, and we note there is nothing in the criminal damaging statute requiring a certain level of damage.[1]  Furthermore, the photographs taken by the police on the night of the offense depicted observable damage to Humphrey's lawn, thereby permitting an inference of loss of value.

{¶ 15} Finally, we agree with the trial court's conclusion that Moeller's testimony was not exculpatory.  The pictures presented by Moeller were taken a little over two months after the offense was committed.  A comparison of the pictures taken by the police and those taken by Moeller shows that the grooves in Humphrey's yard had improved in appearance during the two-month interim period.  Moeller admitted he did not know whether the grooves had been affected by weather during the time between the offense and the time he took the pictures and measurements.  Therefore, Moeller's pictures of the grooves were not necessarily an accurate representation of the damage in existence at the time of the offense and, thus, his measurements of the grooves did not compel a conclusion that Bittner's truck was not involved in the incident.  Further, Moeller admitted he did not know whether the tires he measured on Bittner's truck were the same tires on the truck as at the time of the offense.  In short, Moeller's testimony did not compel a conclusion that the trial court clearly lost its way, and, by so doing, created a miscarriage of justice.

{¶ 16} The outcome of this case rested on the credibility of the witnesses.  After weighing all the evidence and reasonable inferences, we conclude that the trial court reasonably concluded that the weight of the evidence established damage was done to

---

[1] In fact, in addition to prohibiting causing harm to another's property, the criminal damaging statute prohibits a person from creating "a substantial risk" of physical harm to property.  R.C. 2909.06(A).

Humphrey's yard and that Bittner knowingly caused said damage; the evidence also supported an inference of loss of value as well as a loss of enjoyment. *See Frech*, 2d Dist. Champaign No. 2001-CA-23, 2002-Ohio-5592, ¶ 11 (evidence supported a finding that defendant caused physical harm (loss of enjoyment) by pruning his neighbor's rose bushes to half of the height and fullness that they should have been). Thus, we cannot say the trial court lost its way and created a manifest miscarriage of justice by finding Bittner guilty of criminal damaging. The trial court's judgment finding Bittner guilty of criminal damaging was not against the manifest weight of the evidence. Accordingly, Bittner's sole assignment of error is overruled.

## III.    Conclusion

{¶ 17} Bittner's sole assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Erik R. Blaine
Thomas M. Kollin
Hon. Cynthia M. Heck