[Cite as *State v. Cooke*, 2016-Ohio-3445.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JENNIFER COOKE | : | Case No. 15-CA-50 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County Municipal Court, Case No. 15CRB00778

JUDGMENT:      Affirmed in part, Vacated in part Final judgment entered

DATE OF JUDGMENT:      June 13, 2016

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

TRICIA M. MOORE      MICHAEL R. DALSANTO
Assistant Law Director      3 South Park Place, Suite 220
40 W. Main Street      Newark, Ohio 43055
Newark, Ohio 43055

*Baldwin, J.*

{¶1}   Appellant Jennifer Cooke appeals a judgment of the Licking County Municipal Court convicting her of criminal mischief (R.C. 2909.07(A)(1)) and disorderly conduct while intoxicated (R.C. 2917.11(B)(1)).  Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2}   On May 7, 2015, appellant ran up and down Mound Street and Mound Court in Newark, Ohio, rapping and dancing.  She jumped from one porch to another.  Her behavior frightened several children.

{¶3}   Joseph Green was working on the brakes of a vehicle.  When he said something about the measurements of the sockets, she would incorporate the numbers into her rap lyrics, and would use parts of what she heard other people saying in her songs.  At about 10:30 p.m., appellant beat on Green's door.  His 13-year-old daughter was frightened by appellant's behavior.

{¶4}   Police arrived and Officer William Evans located appellant at her mom's residence.  She had removed a curtain from a common area of her mom's apartment building and was wearing it as a cape, while rapping to the police about the state stealing her innocence and about her husband, who had passed away.  Officer Evans could smell alcohol on appellant, and she did not appear to be "all there" when he tried to communicate with her.  Tr. 25.  Police handcuffed her and transported her to the police station.  She continued her rapping while in the cruiser.

{¶5}   Appellant was charged with criminal mischief, falsification, and disorderly conduct while intoxicated.  The case proceeded to bench trial.  In closing argument, the

State conceded that the evidence did not support the charge of criminal mischief. The court found appellant not guilty of falsification and guilty of criminal mischief and disorderly conduct. The court specifically found as to criminal mischief that appellant tampered with property by being on it, and being a distraction and a nuisance. She was sentenced to sixty days incarceration for criminal mischief and thirty days incarceration for disorderly conduct, to be served consecutively, and fined $50.00 on each conviction.

{¶6} Appellant assigns two errors:

{¶7} "I. THE TRIAL COURT'S RULING THAT THE APPELLANT COMMITTED CRIMINAL MISCHIEF IN VIOLATION OF SECTION 2909.07(A)(1) OF THE REVISED CODE IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶8} "II. THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO *SUA SPONTE* MERGE THE DISORDERLY CONDUCT AND CRIMINAL MISCHIEF CONVICTIONS BECAUSE THEY ARE ALLIED OFFENSES OF SIMILAR IMPORT."

I.

{¶9} In her first assignment of error, appellant argues that the judgment convicting her of criminal mischief is against the manifest weight and sufficiency of the evidence.

{¶10} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991). In determining whether a verdict is against the manifest weight of the evidence, the appellate court reviews the entire record, weighs the

evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997–Ohio–52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

{¶11} Appellant was convicted of criminal mischief as defined by R.C. 2909.07(A)(1):

{¶12} "(A) No person shall:

{¶13} "(1) Without privilege to do so, knowingly move, deface, damage, destroy, or otherwise improperly tamper with the property of another[.]"

{¶14} In *State v. Maxwell,* 9th Dist. Medina No. 1646, 1988 WL 38075 (April 13, 1988), a juvenile was found delinquent by reason of criminal mischief when he was observed in the parking lot of the courthouse placing his hands on car windows and looking inside. He was also observed attempting unsuccessfully to open several vehicles. In reversing the finding of delinquency, the court held:

> In R.C. 2909.07(A)(1), the general words "otherwise improperly tamper" are proceeded by the much more specific terms "move, deface, damage, destroy." Consequently, the rule of statutory construction known as *ejusdem generis* applies. In explaining this rule, the Supreme Court of Ohio has stated:
>
> "Under the rule of *ejusdem generis,* where in a statute terms are first used which are confined to a particular class of objects having well-known

and definite features and characteristics, and then afterwards a term having perhaps a broader signification is conjoined, such latter term is, as indicative of legislative intent, to be considered as embracing only things of a similar character as those comprehended by the preceding limited and confined terms."

*State v. Aspell* (1967), 10 Ohio St.2d 1, paragraph two of the syllabus. See, also, *Light v. Ohio University* (1986), 28 Ohio St.3d 66, 68. Applying *ejusdem generis* to R.C. 2909.07(A)(1), we conclude that a showing of some change in either the physical location or physical condition of the property is necessary to sustain a conviction under the statute. This interpretation is in accord with the facts present in other decisions addressing R.C. 2909.07(A)(1). See, e.g., *State v. Isaac* (1975), 44 Ohio Misc. 87 (door of unattended vehicle forced open with metal instrument); *State v. Kidwell* (Mar. 18, 1981) Clermont App. Nos. 925/927, unreported (deep tire marks created in the yard of another); *State v. Evans* (May 26, 1982), Hamilton App. No. C-810495, unreported (hose smelling of gasoline found near vehicle with gas tank cap about to fall off).

In the case *sub judice,* the testimony of the state's witnesses indicates that Maxwell merely peered into the vehicles in controversy and tried the door handles. There is no indication that Maxwell attempted to force open the locked doors and the evidence clearly indicates that Maxwell did nothing to change the location or condition of the vehicles. Consequently, the evidence

was insufficient to sustain Maxwell's conviction of violating R.C. 2909.07(A)(1).

{¶15} *Id.*

{¶16} In *State v. Collier,* 2nd Dist. Montgomery No. 22686, 2010-Ohio-4039, the defendant was convicted of criminal mischief after he placed a handwritten note on a neighbor's trash can, and secured it by placing a stick on top of the note.  In reversing his conviction for criminal mischief, the Court of Appeals for the Second District cited *Maxwell* and concluded that there was no evidence that Collier had "tampered" with the trash can:

> The Adkins' trash can was not altered nor rendered "unfit" for use as found by the trial court. The trash can was not permanently altered or otherwise defaced. While Collier should have utilized a more appropriate and tactful approach to resolve any dispute with his neighbors, the record does not support Collier's conviction for criminal mischief pursuant to R.C. 2909.07(A)(1).

{¶17} *Id.* at ¶24.

{¶18} In the instant case, there is no evidence that appellant in any way tampered with the property of another as defined by the statute.  Although the officer testified that she was wearing a cape made from a curtain taken from the common area of her mother's apartment building, there was no evidence presented as to the ownership of the curtain or whether she had permission to use the curtain.

{¶19} The State argues that unlike cars or trash cans, there is a sanctity to one's dwelling that not only covers the tangible property, but also the right to enjoyment and safety while in one's home.  The State therefore argues that her presence on Green's

porch, frightening his daughter, created a change in the physical condition of the home, even if only temporarily. We disagree. Had the legislature intended to create a difference in the definition of criminal mischief to protect the sanctity of one's home, they could have done so in the language of the statute. Further, the disturbance, annoyance, and alarm her behavior caused to the people in the neighborhood was punished by her disorderly conduct conviction, which she does not challenge as against the weight or sufficiency of the evidence. There is no evidence to support the court's finding that she damaged or altered the condition of the porches on which she was jumping.

{¶20} The first assignment of error is sustained.

{¶21} Appellant's second assignment of error is rendered moot by our disposition of the first assignment of error.

{¶22} Appellant's conviction and sentence for disorderly conduct while intoxicated is affirmed. Appellant's conviction and sentence for criminal mischief is vacated. Pursuant to App. R. 12(B), we hereby enter final judgment of acquittal on the charge of criminal mischief. Costs are assessed to appellee.

By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.