[Cite as *State v. Anthony*, 2021-Ohio-1916.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Craig R. Baldwin, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2021 AP 01 0005 |
| LINDA K. ANTHONY | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING: Criminal appeal from the Tuscarawas
County Court, Case No. 2019 CRB 562

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: June 4, 2021

APPEARANCES:

For Plaintiff-Appellee

TRAVIS COLLINS
Prosecuting Attorney
Box 272
Urhichsville, OH 44683

For Defendant-Appellant

GERALD A. LATANICH
Tuscarawas County Public Defender
153 North Broadway, Box 1026
New Philadelphia, OH 44663

*Gwin, J.*

{¶1}    Defendant-appellant Linda K. Anthony ["Anthony"] appeals her conviction and sentence after a bench trial in the Tuscarawas County Court, Uhrichsville, Ohio.

*Facts and Procedural History*

{¶2}    Anthony lives next door to Melissa Brooks. Brooks' home has a metal roof. Brooks testified that in 2017 she had entered a real estate deal with Anthony and that several months later the deal had gone sour. Beginning in March 2019, Anthony began to throw items at Brooks' roof, such as small dead batteries, cat poop and rotted food. T. at 10. Although Brooks never actually observed Anthony throw anything, Brooks testified that she had a video of marbles coming from inside a window of Anthony's home and landing on Brooks' roof. T. at 10; 16. Brooks testified that she did not believe anyone but Anthony lived in the home. Id. However, she could not say who was actually inside Anthony's home when the items were thrown.  T. at 15.

{¶3}    Brooks testified that having items thrown onto the roof of her home occurred every day for a couple of weeks. T. at 11. The frequency then diminished to "just a few days here and there." Id.  Brooks never asked Anthony if she had thrown items onto Brooks' roof. T. at 12; 14. However, Brooks testified that on August 15, 2019, a marble was thrown that bounced off of her roof and struck her 92-year old mother-in-law May Walters on the hand leaving a large bruise. T. at 11-12.  Brooks testified that Anthony came out of her house walking her dog, smiled at her and walked away. T. at 12. Brooks testified that the items thrown onto her roof caused some dents and discoloration to the roof. T. at 12.

{¶4}    Anthony was charged in the Tuscarawas County Court of Uhrichsville, Ohio with three criminal counts by way of complaint. In Case No. CRB 1900562A, Anthony was charged with Criminal Damaging. In Case No. CRB 1900562B, Anthony was charged

with Disorderly Conduct. Finally, in Case No. CRB 19000582 Anthony was charged with assault for the incident involving May Walters.

{¶5} All three counts proceeded to trial before a Magistrate on January 10, 2020. After the close of evidence, the Magistrate found Anthony guilty of Criminal Damaging but acquitted Anthony of the other two counts. Subsequently, Anthony objected to the Magistrate's Decision. However, the Court overruled the objections and approved the Magistrate's Decision by Judgment Entry filed September 17, 2020. Anthony was subsequently sentenced by the Magistrate on December 16, 2020. The Magistrate's sentence was approved by the Court via Judgment Entry filed on January 27, 2021.

*Assignments of Error*

{¶6} Anthony raises three Assignments of Error,

{¶7} "I. THERE WAS INSUFFICIENT EVIDENCE PRESENTED TO CONVICT THE DEFENDANT OF CRIMINAL DAMAGING.

{¶8} "II. THE COURT ALLOWED INTO EVIDENCE TESTIMONY OF PRIOR BAD ACTS NOT RELATED CLOSELY IN TIME TO THE DATE OF THE CRIMINAL DAMAGING CHARGE.

{¶9} "III. THE COURT COMMITTED PREJUDICIAL ERROR IN ALLOWING HEARSAY TESTIMONY ABOUT DAMAGES TO THE ROOF."

I.

{¶10} In her First Assignment of Error, Anthony claims there is insufficient evidence to support her conviction.

### Standard of Appellate Review– Sufficiency of the Evidence.

{¶11} The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...." This right, in conjunction with the Due Process Clause, requires that each of the material elements of a crime be proved to a jury beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151, 2156, 186 L.Ed.2d 314 (2013); *Hurst v. Florida*, 136 S.Ct. 616, 621, 193 L.Ed.2d 504 (2016). The test for the sufficiency of the evidence involves a question of law for resolution by the appellate court. *State v. Walker*, 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124, ¶30. "This naturally entails a review of the elements of the charged offense and a review of the state's evidence." *State v. Richardson*, 150 Ohio St.3d 554, 2016-Ohio-8448, 84 N.E.3d 993, ¶13.

{¶12} When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith, 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997*; *Walker*, at ¶30. "The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus. *State v. Poutney*, 153 Ohio St.3d 474, 2018-Ohio-22, 97 N.E.3d 478, ¶19. Thus, "on review for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether, 'if believed, [the evidence] would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Murphy*, 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001), *quoting Jenks* at

paragraph two of the syllabus; *Walker* at ¶31.  We will not "disturb a verdict on appeal on sufficiency grounds unless 'reasonable minds could not reach the conclusion reached by the trier-of-fact.'"  *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 94, *quoting State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997); *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶74.

**Issue for Appellate Review:**  *Whether, after viewing the evidence in the light most favorable to the prosecution, the evidence, if believed, would convince the average mind of Anthony's guilt on each element of the crime for which she was convicted beyond a reasonable doubt.*

{¶13}  Anthony was convicted of Criminal Damaging. R.C. 2909.06 provides,

(A) No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent:

(1) Knowingly, by any means;

(2) Recklessly, by means of fire, explosion, flood, poison gas, poison, radioactive material, caustic or corrosive material, or other inherently dangerous agency or substance.

{¶14}  R.C. 2909.01 provides,

(4) "Physical harm to property" means any tangible or intangible damage to property that, in any degree, results in loss to its value or interferes with its use or enjoyment. "Physical harm to property" does not include wear and tear occasioned by normal use.

{¶15}  "Substantial risk" means a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist. R.C. 2909.01(8).

{¶16}  Anthony argues first that the evidence is insufficient because no one observed Anthony actually throw anything onto Brooks' roof and because Anthony never admitted throwing anything on Brooks' roof. Further, Anthony argues that the state failed to prove that Brooks' roof had been damaged.

{¶17}  Concerning identification of Anthony as the person throwing items onto Brooks' roof, Brooks testified that items began being thrown on her roof shortly after Anthony signed her house over to Brooks. T. at 8. Brooks testified that there were no items being thrown onto her roof before the dispute had arisen. T. at 16-17. Brooks testified she had observed marbles coming from Anthony's window and strike her roof on a previous occasion. T. at 10.

{¶18}  Concerning cause, or create a substantial risk of physical harm to her property, Brooks collected the items that were thrown. T. at 11.  Brooks testified to dents and discoloration of the roof. Id. at 12. Brooks testify that she had received an estimate to repair the damage. T. at 12.

{¶19}  Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence.  *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492 (1991), paragraph one of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997). If the state relies on circumstantial evidence to prove an essential element of an offense, it is not necessary

for "'such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction.'" *State v. Jenks*, at paragraph one of the syllabus.

{¶20}  The "cause, or create a substantial risk of physical harm to any property" element of criminal damaging could easily be inferred from the observable damage, or a reasonable person may concluded that the throwing of items on the roof interfered with Brooks' use and enjoyment of the property. *State v. Maust*, 4 Ohio App.3d 187, 447 N.E.2d 125(5th Dist. 1982). *Accord, State v. Sherell,* 5th Dist. Stark No. 2015CA00086, 2016-Ohio-1177, ¶20.

{¶21}  Viewing the evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Anthony caused or created a substantial risk of physical harm to Brooks' property.  We hold, therefore, that the state met its burden of production regarding the elements of criminal damaging, and, accordingly, there was sufficient evidence to support Anthony's conviction.

{¶22}  Anthony's First Assignment of Error is overruled.

II.

{¶23}  In her Second Assignment of Error, Anthony contends that the trial court erred in admitting evidence of items being thrown from Anthony's house onto Brooks' roof prior to August 15, 2019, the date set forth in the complaint.  Anthony contends that this was prior bad acts evidence pursuant to R.C. 2945.59.

**Standard of Appellate Review – Admissibility of Evidence**

{¶24}  "[A] trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the

rules of procedure and evidence." *Rigby v. Lake Cty.*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991). Even in the event of an abuse of discretion, a judgment will not be disturbed unless the abuse affected the substantial rights of the adverse party or is inconsistent with substantial justice. Id." *Beard v. Meridia Huron Hosp.*, 106 Ohio St.3d 237, 2005-Ohio-4787, 834 N.E.2d 323.

**{¶25}** "However, we review de novo evidentiary rulings that implicate the Confrontation Clause. *United States v. Henderson*, 626 F.3d 326, 333 (6th Cir. 2010)." *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶97.

**Issue for Appellate Review:** *Whether the admission of evidence that Anthony had thrown objects onto Brooks' roof prior to August 15, 2019 was impermissible prior bad acts evidence.*

**{¶26}** Specificity as to the time and date of an offense is not required in an indictment. Under R.C. 2941.03, "an indictment or information is sufficient if it can be understood therefrom: * * * (E) That the offense was committed at some time prior to the time of filing of the indictment * * *." An indictment is not invalid for failing to state the time of an alleged offense or doing so imperfectly. The state is not required to prove that an offense occurred on any specific date, but rather may prove that the offense occurred on a date reasonably near that charged in the indictment. *State v. Taylor,* 5th Dist. Stark No. 2014CA00170, 2015-Ohio-3316, ¶28, *citing, State v. Adams*, 5th Dist. Licking No. 02–CA–00043, 2002–Ohio–5953, ¶8. The same rationale would apply to the time and date set forth in a criminal complaint pursuant to Crim.R. 7.

**{¶27}** Furthermore, in *State v. Steele*, this Court noted,

If such is not fatal to an indictment, it follows that impreciseness and inexactitude of the evidence at trial is not "per se impermissible or necessarily fatal to a prosecution." *State v. Robinette*, 5th Dist. No. CA–652, 1987 WL 7153(Feb 27, 1987). The question in such cases is whether the inexactitude of temporal information truly prejudices the accused's ability fairly to defend himself. *State v. Sellards*, 17 Ohio St.3d 169, 478 N.E.2d 781(1985); *State v. Gingell*, 7 Ohio App.3d 364, 368, 455 N.E.2d 1066, 1071(1st Dist. 1982); *State v. Kinney*, 35 Ohio App.3d 84, 519 N.E.2d 1386(1987).

5th Dist. Delaware No. 2011-CA-110, 2012-Ohio-3777, ¶27.

{¶28} In this case on August 15, 2019 a marble ricocheted off Brooks' roof and struck 92-year old May Walters causing a large bruise on her hand. The police were called and the three original charges were filed against Anthony.

{¶29} Brooks testified that Anthony began throwing things at her roof in March 2019. T. at 9-10. Anthony's defense at trial was that no one observed who had thrown any of the objects onto Brooks' roof and, further, she claimed that Brooks' roof was not damaged. Implicitly, therefore, Anthony denied that she had thrown objects at Brooks' roof.

{¶30} Time, therefore, was not an essential element of the crime of criminal damaging. Consequently, it was not necessary for the magistrate or the judge to make a finding with respect to the date upon which the incident occurred. The lower court found the acts beginning in March 2019 were part of a continuing course of conduct. T. at 9-10.

**{¶31}** We find the testimony that Anthony began throwing items onto Brooks' roof in March 2019 admissible as relating to a continuing course of conduct rather than impermissible prior bad acts.

**{¶32}** Anthony's Second Assignment of Error is overruled.

III.

**{¶33}** In her third assignment of error, Anthony argues that the court impermissibly permitted hearsay evidence by permitting Brooks to testify that she had received an estimate to repair her metal roof and that the estimated damage was $1100.00.

**Standard of Appellate Review – Admissibility of Evidence**

**{¶34}** "[A] trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake Cty.*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991). Even in the event of an abuse of discretion, a judgment will not be disturbed unless the abuse affected the substantial rights of the adverse party or is inconsistent with substantial justice. Id." *Beard v. Meridia Huron Hosp.*, 106 Ohio St.3d 237, 2005-Ohio-4787, 834 N.E.2d 323.

**{¶35}** "However, we review de novo evidentiary rulings that implicate the Confrontation Clause. *United States v. Henderson*, 626 F.3d 326, 333 (6th Cir. 2010)." *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶97.

**Issue for Appellate Review:** *Whether the trial court erred by permitting Brooks to testify that she had received an estimate to repair her metal roof and that the estimated damage was $1100.00.*

**{¶36}** The Confrontation Clause of the Sixth Amendment states, "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses

against him." Out-of-court statements by a witness which are testimonial in nature are barred, under the Confrontation Clause, unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). If testimony qualifies as non-hearsay, it does not implicate the Confrontation Clause. Id. at 59, *citing Tennessee v. Street,* 471 U.S. 409, 414, 105 S.Ct. 2078, 85 L.Ed.2d 425 (1985); *State v. Maxwell*, 139 Ohio St.3d 12, 9 N.E.3d 930, 2014-Ohio-1019, ¶131. Evid. R. 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

{¶37} Anthony objects to the following testimony by Brooks,

Q. Have you received any estimates to repair the damage?

A. My brother come and gave an estimate. I don't have it. I'm not sure if you do or not. I think it was like $1100 or something.

T. at 12. The estimate was not offered into evidence during the trial.

{¶38} "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Evid.R. 801. Hearsay is generally not admissible unless it falls within one of the recognized exceptions. Evid.R. 802; State *v. Steffen*, 31 Ohio St.3d 111, 119, 509 N.E.2d 383(1987).

{¶39} Brooks could testify that she hired someone to assess the damage to her roof and that she had received an estimate to repair the damage to her roof because that testimony does not relate a "statement" made by anyone. It is simply a fact.

{¶40} We find the admission of the dollar amount of the estimate to be harmless beyond a reasonable doubt. We note this case was tried before a magistrate and reviewed by the trial judge. "In examining the record to determine this issue, we may give weight to the fact that the error occurred in a trial to the court, rather than in a jury trial. *State v. White*, 15 Ohio St.2d 146, 151, 239 N.E.2d 65(1968); *State v. Austin*, 52 Ohio App.2d 59, 70, 368 N.E.2d 59 (10th Dist. 1976). Indeed, a judge is presumed to consider only the relevant, material and competent evidence in arriving at a judgment, unless the contrary affirmatively appears from the record. *State v. White, supra*, 15 Ohio St.2d at page 151, 239 N.E.2d 65." *State v. Eubanks,* 60 Ohio St.2d 183, 187, 398 N.E.2d 567(1979). In the case at bar, we find it noteworthy that the trial court did not order restitution based upon the disputed testimony.

{¶41} Anthony's Third Assignment of Error is overruled.

{¶42} The judgment of the Tuscarawas County Court, Uhrichsville, Ohio is affirmed.

By Gwin, J.,

Baldwin, P.J., and

Wise, John, J., concur